**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BARBARA McDANIEL-SHARP,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**WAL-MART STORES, INC.,**  )<br>)<br>**Defendant.**  )<br>)<br>_____) | Case No. 11-2518-CM |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to exclude the testimony of plaintiff's proposed expert Dale E. Scott, Jr., D.C. (Doc. 22). Defendant argues that Dr. Scott's opinions are not supported by the facts of this case, are not relevant or reliable, and will not assist the trier of fact.

**I.   Factual Background**

Plaintiff alleges that while shopping in defendant's store on March 3, 2008, defendant's employee pushed a row of shopping carts into plaintiff, causing her to fall and strike her mid-back on a cart behind her ("the accident"). As she fell, plaintiff claims that she felt a "pop" in her mid-back. Plaintiff alleges defendant's employee was negligent in failing to observe the direction of the carts and in failing to see plaintiff standing in the path of the carts. Plaintiff claims that she suffered multiple injuries as a result of defendant's employee's negligence, including soft tissue neck and back injuries and a fracture of her vertebral column.

Plaintiff contacted Dr. Dale Scott, a chiropractor, to perform an independent medical examination (IME) on plaintiff in order to obtain a medical opinion regarding plaintiff's injury. Dr. Scott conducted the IME of plaintiff on April 9, 2010. His curriculum vitae indicates that he has received formal training in several areas regarding injury analysis and treatment. Plaintiff's response

-1-

suggests that Dr. Scott has performed IMEs for a number of plaintiffs and defendants and has testified about these examinations in several trials.

Plaintiff alleges that "Dr. Scott's scientific, technical, or other specialized knowledge would help the trier of fact to understand the evidence or to determine a fact in issue" through his testimony regarding the following matters:

1. The nature and extent of the injuries that plaintiff received as a result of the accident;
2. The care and treatment plaintiff received for her injuries;
3. The findings of his own examination of plaintiff;
4. The permanence of plaintiff's injuries;
5. The existence of any pre-existing conditions and/or medical problems that were not caused by the accident but have nevertheless had an impact upon plaintiff's health as a result of aggravation caused by the accident;
6. Whether plaintiff has reached maximum medical improvement;
7. Whether plaintiff's injuries were a result of the accident; and
8. The reasonableness and necessity of plaintiff's medical bills, or lack thereof.

(Doc. 30, at 5.)

Specifically, plaintiff expects Dr. Scott to testify that plaintiff's injuries were a direct result of the accident and that plaintiff's medical treatment and medical billing were both necessary and reasonable. Dr. Scott is also expected to identify the specific injuries plaintiff sustained. Plaintiff states that Dr. Scott's testimony would be based upon the following facts or data: (1) his professional training, background, and experience; (2) his examination of plaintiff; and (3) his review of plaintiff's medical records. Dr. Scott's IME report states that he employed the following methods in forming his opinion: (1) Palpation Examination; (2) Joint Mobility Examination; (3) Motor

Examination; (4) Orthopedic Examination; (5) Cervical Range of Motion Evaluation; (6) Lumbar Range of Motion Evaluation; and (7) MRI Analysis.

## I.      Legal Standard

The court serves a "gatekeeping" function in determining the admissibility of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In deciding whether to admit or exclude expert testimony, the court has broad discretion. *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996). Under Federal Rule of Evidence 702, a witness whose knowledge, skill, experience, training, or education qualifies him or her as an expert may testify "if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." This is true if (1) "the testimony is based on sufficient facts or data"; (2) "the testimony is the product of reliable principles and methods"; and (3) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The court employs a two-step analysis to determine the admissibility of an expert's opinion. First, the court must determine whether the expert's proposed testimony has "a reliable basis in the knowledge and experience of his [ ] discipline." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993) (quotation marks omitted)). Second, the court must consider whether the proffered testimony is sufficiently "relevant to the task at hand." *Id*. (quoting *Daubert*, 509 U.S. at 597). While an expert's testimony must be based on facts which allow him to provide a "reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required." *Wickstrum v. Amrani*, No. 09-2444-JAR, 2011 WL 346086, at *4 (D. Kan. Feb. 2, 2011) (quoting *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003)).

*Daubert* delineates four factors for consideration by the trial court when assessing reliability under Rule 702: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has undergone peer review and publication; (3) the known or potential rate of error; and (3) general acceptance of the theory or technique by the scientific community. 509 U.S. at 593–94. However, "this list is neither definitive nor exhaustive." *Norris*, 397 F.3d at 884. To assess relevancy, the court must determine whether the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In addition, the court should consider whether the testimony is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591 (citation and quotation marks omitted).

**II.     Discussion**

Defendant argues the court should exclude Dr. Scott's testimony for several reasons. First, defendant claims that Dr. Scott's testimony as to plaintiff's alleged injuries, their causation and severity, and the reasonableness of plaintiff's treatment is not relevant. Second, defendant claims Dr. Scott's opinions are unreliable because he allegedly failed to review certain medical records.

**A.  Relevance**

Defendant argues Dr. Scott's opinions should be excluded because they are not sufficiently tied to the facts of this case and are thus not relevant. Defendant contends that Dr. Scott failed to consider other causes of plaintiff's injuries, including accidents occurring after the accident in this case. For instance, defendant points to Dr. Scott's deposition testimony that he either "missed" or "read through" the April 15, 2008 report of Dr. Wesley Griffith. Defendant alleges that Dr. Griffith's report stated that Dr. Griffith did not see any definite acute structural changes to explain plaintiff's alleged symptoms and that plaintiff's treatment options were conservative. Essentially, defendant claims that Dr. Scott's failure to consider some of plaintiff's medical records and medical history

-4-

means that he based his opinions regarding residual effects from plaintiff's previous injuries "solely on the statements made by [p]laintiff."  (Doc. 23, at 16.)

Contrary to defendant's arguments, the court finds that Dr. Scott's purported testimony is indeed relevant.  To prove her negligence claim, plaintiff must show that defendant's negligence caused her injuries and that she suffered damages as a result of defendant's negligence.  Dr. Scott's proffered testimony will touch on these issues by addressing—in addition to other matters—whether plaintiff's injuries were a result of the accident, the nature and extent of her injuries, and the permanence of her injuries.  Thus, Dr. Scott's testimony is relevant.

### B.  Reliability

Defendant states that Dr. Scott's opinions should be excluded because he failed to account for various other prior and subsequent accidents in which plaintiff was injured, review a "substantial number" of plaintiff's medical records, and review "pertinent evidence" regarding the accident.  (Doc. 23, at 9.)  Defendant also faults Dr. Scott's alleged failure to engage in differential diagnosis to rule out alternative causes for plaintiff's injuries.

Specifically, defendant claims that Dr. Scott should have requested and reviewed medical records pertaining to:

- a motor vehicle accident in which plaintiff suffered an acute spinal fracture on March 22, 2003;

- plaintiff's work-related back injury on or about June 23, 2008;

- plaintiff's July 15, 2008 injury at home sustained while lifting a laundry basket;

- plaintiff's March 14, 2010 fall in her home;[1] and

---

[1] The court is unable to determine the accurate date of plaintiff's "March 14, 2010" fall in her home.  In their reply, defendants claim that the fall happened on March 14, **2010**, and note that plaintiff's response stated that Dr. Scott reviewed the March 14, **2008** records regarding the fall.  However, in its original motion, defendants stated that "Mr. Scott was also unaware of a March 14, 2010 incident (which occurred three or four days after the incident at Walmart) . . . ."  (Doc. 23 at 13.)  The Wal-Mart accident at issue in this case happened on March 3, 2008.  Thus, the court is

- a September 2, 2009 motor vehicle accident.

Additionally, defendant contends Dr. Scott's failure to review defendant's store surveillance video of the accident renders his opinion inadmissible. Defendant points out that Dr. Scott's expert report states that plaintiff was struck by a cart in her lower left leg, while defendant alleges that the video shows that she was hit on her right side.

The court disagrees with defendant as to the reliability of Dr. Scott's proffered testimony. With the exception of the March 22, 2003 and September 2, 2009 motor vehicle accidents, Dr. Scott's report indicates that he did review and discussed medical records for the other incidents described by defendant. As to the March 22, 2003 motor vehicle accident, Dr. Scott's report did include a description of his discussion with plaintiff regarding the accident, her injuries, and the treatment she received. Defendant's arguments to the contrary go to the weight and not the admissibility of the evidence. Both parties agree that the Tenth Circuit employs a quantitative, rather than qualitative analysis when examining the sufficiency of the facts and data used by the witness. *United States v. Lauder*, 409 F.3d 1254, 1264 n.5 (10th Cir. 2005); Fed. R. Evid. 702, Advisory Committee's Note to the 2000 Amendments. Here, the court finds that the quantity of data considered by Dr. Scott (as detailed in plaintiff's response and in Dr. Scott's report) was appropriate to allow him to formulate his opinion.

Finally, defendant makes a passing reference to the inadmissibility of the methodology used by Dr. Scott, but fails to provide any support for this argument. Upon review, the court sees no issues with Dr. Scott's methodology and again finds that defendant's argument goes to the weight and not the admissibility of the evidence. Any of defendant's remaining concerns regarding the information

---

unable to tell from the information provided by the parties whether plaintiff's March 14 fall happened in 2008 or in 2010. Considering the facts in the light most favorable to the non-moving party, the court will assume that Dr. Scott reviewed the appropriate medical records associated with the March 14 fall for the purpose of this order. The parties are free to address this issue at trial.

Dr. Scott considered (or failed to consider) to formulate his opinion are properly addressed on cross-examination.  For these reasons, the court denies defendant's motion.

**IT IS THEREFORE ORDERED** that Wal-Mart Stores, Inc.'s Motion to Exclude the Testimony of Plaintiff's Proposed Expert Dale E. Scott Jr. D.C., (Doc. 22) is denied.

Dated this 18th day of September, 2012, at Kansas City, Kansas.

_s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge